**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41394
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CRUZ YANEZ-BENAVIDES, also known as
Gabriela Ramirez-Montoya,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-107-1
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Cruz Yanez-Benavides appeals her jury-trial conviction

and sentence for importing and possessing with intent to

distribute more than 500 grams of cocaine, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(B), 960(b)(1)(A), (b)(2)(B).  She

argues that 21 U.S.C. §§ 841(a), (b), 846, 952, 960(a) and (b),

are facially unconstitutional because, in enacting these

statutes, Congress intended to make drug quantity a sentencing

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

enhancement provable to a judge by a preponderance of the evidence and the courts may not construe these statutes in contravention of this congressional intent in order to conform the statutes with the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Yanez acknowledges that this argument is foreclosed by this court's precedent and raises the argument solely to preserve it for possible Supreme Court review. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

Accordingly, the district court's judgment is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.